A. H. DITTO, GDN., ET AL. *v.* PHIL T. PORTER, ET AL.

**Infant Defendants.**

> Infant defendants who are not served with process and who do not appear by statutory guardian, no guardian ad litem having been appointed, are not before the court and their rights can not be adjudicated; and when such infants are necessary parties the court should not render judgment construing a will until such infants are served with process and appear by guardian.

APPEAL FROM HENRY CIRCUIT COURT.

February 23, 1884.

OPINION BY JUDGE HARGIS:

The infant defendants, Rena Wilson Porter and Phil T. Porter, although under fourteen years old and without statutory guardian, were not summoned in person or through others and no guardian ad litem was appointed to defend for them; and as the appellants' construction of the will of Crueton would, if adopted, give them no interest in the one hundred forty acres of land which is claimed as the absolute property of their mother, we can not determine the controversy upon the question of curtesy claimed by their father without prejudice to their rights.   They were made parties, as we suppose, because the plaintiffs thought as we do, that they were necessary or that their rights would be prejudiced by a judicial construction of the will without them.   It is equally as essential

to their protection that the laws regulating the manner of defending for them should be complied with. This not having been done the case was prematurely heard. The action should have been brought by the infant appellants through or by their guardian. Whether the allegations of the petition show that the action was brought for their benefit and that they were really plaintiffs need not be determined now, as all question on that point may in future be obviated. It is certainly a precarious mode of determining who are the plaintiffs in an action, by reference to the body of the petition, which may show their real interest without showing that the suit is for their benefit. The forms of pleading, as far as preserved by our present system, should be strictly adhered to, else confusion might reign.

The judgment dismissing the petition is *reversed* without costs, with directions to require the necessary parties to be brought before the court on pain of dismissal without prejudice. Civ. Code 1876, § 28.

*Carroll & Barbour, for appellants.*
*Geo. C. Drane, for appellees.*